# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELBERT LAVON LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-671-HE |
| | ) | |
| DR. ROBERT BALOGH, M.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights.[1] He also asserts a violation of the Oklahoma Constitution. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to Magistrate Bernard M. Jones for initial proceedings. He recommends that a motion to dismiss/for summary judgment filed by defendants be granted in part and denied in part and that the court also dismiss one of plaintiff's claims on screening.

In his Report and Recommendation ("Report"), the magistrate judge initially rejects defendants' argument that they are immune from plaintiff's claims for relief under the Eleventh Amendment. Because plaintiff is seeking injunctive relief against the defendants in their official capacities, rather than monetary relief, the magistrate judge determined plaintiff's claims are not barred by the Eleventh Amendment. However, he agreed that plaintiff's "appellate due process" claim based on the grievance process fails because

---

[1] *As the magistrate judge notes, although plaintiff also cites the Sixth Amendment in his complaint, he fails to explain how it can be the basis for any claim.*

plaintiff lacked a due process right in that procedure. The magistrate judge notes that it is not unconstitutional for a prison official to fail to follow Oklahoma Department of Corrections' policy. He also notes that there is no independent constitutional right to state administrative grievance proceedings. *See* Johnson v. Richins, 438 Fed. Appx. 647, 649 (10th Cir. 2011) ("And Mr. Johnson's claim that Ms. Casper mishandled his prison grievances does not implicate any due-process rights."). Because the pleading defect cannot be corrected, the magistrate judge recommends that this due process claim be dismissed with prejudice.

As for plaintiff's Eighth Amendment claim, the magistrate judge agreed with defendants that plaintiff's evidence is insufficient to create a material question of fact as to whether defendants (specifically defendant Balogh) were deliberately indifferent to his serious medical needs.

Finally, the magistrate judge recommends the summary dismissal of plaintiff's "medical due process" claim pursuant to 28 U.S.C. § 1915(e)(2)(B). He concludes plaintiff failed to allege that defendant Balogh violated his due process rights when he changed plaintiff's pain medication without providing him with the opportunity to address the anonymous allegation that plaintiff was selling his morphine.

Plaintiff did not object to the Report. He thereby waived his right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); *see* 28 U.S.C. §636(b)(1)(C).

Accordingly, the court **ADOPTS** Magistrate Judge Jones's Report and Recommendation as follows. Defendants' motion to dismiss/motion for summary

judgment [Doc. #21] is granted.  Summary judgment is entered in favor of defendants and against plaintiff on plaintiff's Eighth Amendment deliberate indifference claim.  Plaintiff's "appellate due process" claim based on the prison grievance process is dismissed with prejudice.  Plaintiff's "medical due process" claim is dismissed with prejudice on screening.  The court declines to exercise jurisdiction over any existing state law claims.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE